## STIERHOFF v. CHESAPEAKE & O. RY. CO.

District Court, S. D. New York.

Dec. 15, 1947.

Gerald F. Finley, of New York City (Arnold B. Elkind, of New York City, of counsel), for plaintiff.

Dorr, Hammond, Hand & Dawson, of New York City (William C. Blind, of New York City, of counsel), for defendant.

RYAN, District Judge.

Plaintiff, a resident of Toledo, Ohio, sues to recover under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., for injuries alleged to have been sustained by him in an accident which occurred in Toledo, Ohio.

Plaintiff now seeks to take depositions in Toledo of twenty-four persons, all of whom are said to reside there.

Defendant moves for an order directing that plaintiff be permitted to take these depositions only if plaintiff advances to defendant the expenses of attendance by defendant's attorneys at such examination, including a reasonable counsel fee, or in the alternative, that plaintiff proceed on written interrogatories.

■ It cannot be disputed that this action could have been brought with more convenience to the parties involved and to the Court, in the United States District Court for the Northern District of Ohio, sitting in Toledo, which is eight miles from the scene of plaintiff's accident, and in the immediate vicinity of where the persons sought to be examined reside or work. Congress has, however, given to plaintiff the right to sue in this form. Judicial limitations or abridgement of this right should not be imposed.

Plaintiff alleges that he has sustained severe injuries, has been unable to work for fourteen months and is financially in no position to pay counsel fees to defendant's attorneys.

Rule 12 of the Civil Rules of the United States District Court for the Southern District of New York leaves the granting of such allowance to the discretion of the Court.

If plaintiff had sued in Ohio, of which State he is a resident, defendant would have been represented, in its own interest, by counsel at the taking of depositions. The added expense does not seem much greater because suit was brought in New York.

■ This, considered together with plaintiff's serious injuries and his financial condition, brings the Court to the conclusion that the relief here sought should not be granted and the motion is therefore denied.

Settle order on notice and set date for taking of depositions not less than ten (10) days after the signing of the order.